UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEMARY SAMPSON,

     Plaintiff,

v.                             CASE No. 8:10-CV-708-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

## O R D E R

     The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails adequately to consider the plaintiff's migraine headaches, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

     The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a high school education and some college classes (Tr. 29, 30), has worked previously as a merchandiser, loan and sales

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

clerk, and dispatcher (Tr. 32, 130). She filed a claim for supplemental security income payments, alleging that she became disabled due to fibromyalgia, herniated discs, and migraine headaches (Tr. 129).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of fibromyalgia, chronic neck and back pain secondary to cervical and lumbar spine degenerative disc disease (DDD), peptic ulcer disease, and migraine headaches (Tr. 15). The law judge determined that, with these impairments, "the claimant has the residual functional capacity to perform a restricted range of medium work" (Tr. 17). Specifically, the law judge found that the plaintiff (<u>id</u>.):

> [is] limit[ed to] occasionally lifting and/or carrying 50 pounds; frequently lifting and/or carrying 25 pounds; standing, walking, and/or sitting for a total of about six hours in an eight-hour workday; frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; occasionally climbing ladders, ropes, and scaffolds; and avoiding concentrated exposure to hazards such as dangerous moving machinery and unprotected heights.

_____

[2]The plaintiff initially alleged disability beginning February 2, 1992. At the administrative hearing, she amended the onset date to April 24, 2007 (<u>see</u> Tr. 28-29).

The law judge concluded that these limitations did not prevent the plaintiff from returning to past work as a loan clerk, retail sales clerk, merchandiser, or dispatcher (Tr. 22-23). Consequently, the law judge found that the plaintiff was not disabled (Tr. 23).

Subsequently, the Appeals Council granted the plaintiff's request for review of the law judge's decision, and allowed the plaintiff an opportunity to submit additional evidence and comments (Tr. 4). After consideration of additional evidence (see Tr. 7), the Appeals Council adopted the law judge's findings except for the determination that the plaintiff was capable of performing her past relevant work (Tr. 5). In this regard, the Appeals Council stated that those jobs did not qualify as past relevant work because her earnings did not amount to substantial gainful activity (id.). However, the Appeals Council found that, based upon the plaintiff's residual functional capacity, age, and education, and despite her lack of past work experience, the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 5-6). Consequently, the Appeals Council held that the plaintiff was not disabled from the amended onset date through the

date of the law judge's decision (Tr. 6). The Appeals Council's decision was the final decision of the Commissioner (Tr. 1).

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

-4-

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Appeals Council decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 416.969. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. Id. These regulations may also apply where, as here, there is no past relevant work experience. See 20 C.F.R. Pt. 404, Subpart P, Appendix 2. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. Id. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 416.969a. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on the grounds that the law judge: (1) failed to consider the combined effect of all her

-6-

impairments because he did not include in the residual functional capacity limitations from migraine headaches, (2) erroneously found that she had past relevant work, and (3) posed an improper hypothetical question to the vocational expert (Doc. 16, p. 2). With respect to the plaintiff's allegation of migraine headaches, a remand is warranted.

The law judge found that, among other things, the plaintiff had a severe impairment of migraine headaches (Tr. 15). This means that the plaintiff suffers from migraine headaches that significantly limit her physical or mental ability to do basic work activities. See 20 C.F.R. 416.920(c). There is no indication, however, that in assessing the plaintiff's residual functional capacity any limitations from migraine headaches were included. Thus, the law judge found that the plaintiff could perform medium work, with some postural, climbing, and environmental limitations (Tr. 17). There is nothing in that finding that appears to include a significant limitation due to migraine headaches. Therefore, the law judge failed to consider, as he was required to do, the combined effects of all of the plaintiff's impairments, including specifically the plaintiff's migraine headaches. See 20 C.F.R. 416.923; Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987); Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

-7-

Furthermore, the law judge did not evaluate adequately the plaintiff's testimony regarding migraine headaches. The plaintiff testified that she gets migraine headaches "[t]hree, four times a month," which last "[a]nywhere from a day to three or four days" (Tr. 34). Although the law judge acknowledges this testimony in the decision (Tr. 18), he did not note in the decision the plaintiff's testimony that she is unable to work when she is experiencing a migraine headache (Tr. 34). Moreover, the law judge did not specially evaluate the plaintiff's testimony regarding migraine headaches. The law judge's general credibility determination, which is followed by a discussion of medical evidence concerning degenerative disc disease and fibromyalgia (see Tr. 20-22), does not explain why he was apparently discounting the plaintiff's testimony that she cannot work when suffering such a headache. Thus, the plaintiff's ability to carry out activities of daily living does not show that the plaintiff does not experience debilitating headaches on an intermittent basis. The law judge did not make any attempt to demonstrate that the plaintiff's migraine headaches are not as bad as she says, or if they are as bad as she claims, she would nevertheless be able to maintain employment.

For these reasons, the law judge's handling of the plaintiff's severe impairment of migraine headaches is clearly deficient. Significantly, I have previously been presented with a case involving very similar circumstances, and I concluded there that a remand was in order. McCance v. Barnhart, Case No. 8:02-CV-2200-T-TGW (Doc. 14). The same result is warranted here.

In view of this conclusion, it is unnecessary to discuss the plaintiff's other contentions, particularly since it appears, as the Commissioner asserts, they are moot (Doc. 17).

Nonetheless, it is appropriate to note, in order to avoid potential error on remand, that the Appeals Council's reliance upon the grids was problematic. In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11ᵗʰ Cir. 1985). Since migraine headaches are non-exertional limitations, May v. Commissioner of Social Security Admin., 226 Fed. Appx. 955, 960 (11ᵗʰ Cir. 2007)(unpub. dec.), and since the plaintiff's migraine headaches are severe impairments which significantly limit her

-9-

functional abilities, the use of the guidelines does not seem permissible under the law of the Eleventh Circuit. This issue is not the basis for a remand since it was not raised by the plaintiff, but on remand it needs further consideration.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this ⁄⁄ day of May, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE